THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD LEGRAND | : |
| Plaintiff | : |
| v. | : 3:12-CV-238 |
| | : (JUDGE MARIANI) |
| PPL SUSQUEHANNA, LLC | : |
| Defendant | : |

# MEMORANDUM OPINION

## I. Introduction

Presently before the Court is a Report and Recommendation ("R&R") (Doc. 49) by Magistrate Judge Carlson, in which the Magistrate Judge recommends denying Defendant PPL Susquehanna, LLC's Motion for Summary Judgement (Doc. 28) in the above-captioned action. Defendant has filed Objections (Docs. 50, 51) to which Plaintiff filed an untimely response (Doc. 52). For the reasons that follow, upon *de novo* review of the R&R, the Court will adopt in part and overrule in part the pending R&R.

## II. Statement of Undisputed Facts

The Factual Background (Section II) found in the R&R (Doc. 49, at 3-14) is adopted and incorporated by reference herein.

## III. Analysis

### 1. Standard of Review of Magistrate Judge's Report and Recommendation

A district court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain matters pending before the court. 28 U.S.C. § 636(b)(1)(B). If a party timely and properly files a written objection to a Magistrate Judge's Report & Recommendation, the District Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* at § 636(b)(1); *see also Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011); Local Rule of the Middle District of Pennsylvania 72.3.

### 2. Standard of Review on Motion for Summary Judgment

Through summary adjudication, the court may dispose of those claims that do not present a "genuine issue as to any material fact." FED. R. CIV. P. 56(a). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). "As to materiality, . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once such a showing has been made, the non-moving party must offer specific facts contradicting those averred by the movant to establish a genuine issue of material fact. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). Therefore, the non-moving party may not oppose summary judgment simply on the basis of the pleadings, or on conclusory statements that a factual issue exists. *Anderson*, 477 U.S. at 248. Rather, the opposing party must point to a factual dispute requiring trial and the district court "may limit its review to the documents submitted for the purposes of summary judgment and those parts of the record specifically referenced therein." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1030-1031 (9th Cir. 2001); *see also Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994). "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir.1992), *cert. denied* 507 U.S. 912, 113 S.Ct. 1262, 122 L.Ed.2d 659 (1993).

3. Discussion

In the current action, Defendant requests that the Court grant its motion for summary judgment (Doc. 28) as to the remaining counts in Plaintiff's Complaint (Doc. 1), namely Count I (Violation of the Age Discrimination in Employment Act ("ADEA") – Discrimination

on Account of Age – Removal from License Class); Count III (Violation of the ADEA – Discrimination on Account of Age – Termination); and Count IV (Pennsylvania Human Relations Act ("PHRA") – Discrimination on Account of Age – Termination).[1] Magistrate Judge Carlson recommends that Defendant's motion be denied in its entirety because "the record contains sufficient direct evidence that, if believed, could persuade a fact finder that the plaintiff's age was a critical factor in the decision to disallow him to participate in LOC 24, and, therefore, to prevent him from continuing in his position as a Unit Supervisor, leading to his eventual termination." (Doc. 42, at 2-3). This Court finds Plaintiff's purported "direct evidence", as well as his circumstantial evidence, to be tenuous at best, and fail to support Plaintiff's claim that he was illegally removed from his Licensed Operator Class ("LOC"). Therefore, we decline to adopt the R&R to the extent that it recommends denial of Defendant's motion as to Count I or finds that Plaintiff was discriminated against when he was removed from LOC 23. However, as further discussed below, we agree with the Magistrate Judge that an issue of fact remains as to whether the denial of enrollment in LOC 24 and Plaintiff's subsequent termination in June 2010 were the result of age discrimination.

### a. Legal Standard for Determining an ADEA Discrimination Claim

To succeed on an age-based discrimination claim under the ADEA, a plaintiff bears the burden of persuasion to show that his age "was the 'but-for' cause of the employer's

---

[1] On April 24, 2012, the parties filed a stipulation of voluntary dismissal of Count II pursuant to Fed. R. Civ. P. 41(a)(1). (Doc. 8). Plaintiff also acknowledged that he is not seeking compensatory damages in connection with the ADEA claims asserted in Counts I and III. (*Id.*).

4

adverse action." *Gross v. FBL Fin. Servs., Inc.,* 557 U.S. 167, 177, 129 S.Ct. 2343, 174 L.Ed.2d 119 (2009). Thus, "the plaintiff's age must have 'actually played a role in [the employer's decisionmaking] process and had a determinative influence on the outcome.'" *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 141, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (quoting *Hazen Paper Co. v. Biggins,* 507 U.S. 604, 610, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993)). In ADEA cases where there is direct evidence of discrimination, a plaintiff may prevail without proving each element of a *prima facie* case thereby rendering a *McDonnell Douglas - Burdine*[2] burden-shifting analysis unnecessary. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (citing *Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 121, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985) ("[T]he *McDonnell Douglas* test is inapplicable where the plaintiff presents direct evidence of discrimination"). However, where there is no direct evidence of age discrimination, the analysis set forth in *McDonnell Douglas* should be applied. *Smith v. City of Allentown,* 589 F.3d 684, 691 (3d Cir. 2009) ("[T]he but-for causation standard required by *Gross* does not conflict with [the Third Circuit's] continued application of the *McDonnell Douglas* paradigm in age discrimination cases. *Gross* stands for the proposition that it is improper to shift the burden of persuasion to the defendant in an age discrimination case. *McDonnell Douglas,* however, imposes no shift in that particular burden."); *see also Burton v. Teleflex Inc.,* 707 F.3d 417, 425-426 (3d Cir. 2013) ("Because [Plaintiff] has not provided

---

[2] *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

direct evidence of discrimination, our inquiry under both [Title VII and the ADEA] is governed by the three-part framework established in *McDonnell Douglas* . . . .").[3]

### b. Plaintiff's Removal from LOC 23

With respect to Count I, alleging that Plaintiff was discriminatorily removed from LOC 23, there is no evidence, direct or circumstantial, of age discrimination at any point through the process that culminated in Plaintiff's removal from this program in December, 2009. At best, Plaintiff can point to the purported statement in January 2010 by Iliadis, "the ultimate decision-maker in the action of PPL in removing Donald Legrand . . . from its" LOC 23 (Pl.'s Br. in Opp. to Summ. J., Doc. 38, at 1), that "I do not think you'll be successful. I think that training is a young man's game" (Dep. of LeGrand, Doc. 39-6, at 180-181). However, this statement was only made after Plaintiff sought to enroll in LOC 24, not a right to which he was entitled, and even giving Plaintiff every benefit, this statement was prospective in nature. The record does not indicate that Iliadis was explaining why Plaintiff was removed

---

[3] The Third Circuit has explained the *McDonnell Douglas* analysis as follows:
Under the *McDonnell Douglas* line of cases, as applied to the ADEA and the analogous provision of the PHRA, there are three steps in the analysis of pretext discrimination cases. See *McDonnell Douglas*, 411 U.S. at 802–04, 93 S.Ct. at 1824–25. First, the plaintiff must establish a prima facie case of discrimination. [*St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993)]. This is done if she shows that she (1) is a member of the protected class, i.e. at least 40 years of age, 29 U.S.C. § 631(a), (2) is qualified for the position, (3) suffered an adverse employment decision, and (4) in the case of a demotion or discharge, was replaced by a sufficiently younger person to create an inference of age discrimination, *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893, 897 (3d Cir.1987). Second, upon such a showing by the plaintiff, the burden shifts to the employer to produce evidence of a legitimate nondiscriminatory reason for the adverse decision. *Hicks*, 509 U.S. at 506–07, 113 S.Ct. at 2747. Third, the plaintiff must then demonstrate that the employer's articulated reason was not the actual reason, but rather a pretext for discrimination. *Id.* at 507, 113 S.Ct. at 2747.
*Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 644 n.5 (3d Cir. 1998).

from LOC 23, but only his opinion as to Plaintiff's ability to succeed in the future. Furthermore, unlike another employee, even after failing the NRC's Nuclear Generic Fundamentals Examination, the Program Review Board, of which Iliadis was a member, allowed Plaintiff to continue in the program and told him he would be given the opportunity to re-take the exam. Upon continuing the program, Plaintiff failed a Systems Module 2 examination, and later missed the Systems Module 3 examination, as well as several days of the Systems Module 4 classroom training. There is nothing in the record to suggest that Plaintiff suffered any discrimination in the evaluation of his examinations during the LOC 23 or that his test scores were altered such as ensure he received failing grades. There is also no evidence that Plaintiff's age was an issue for Iliadis or the Program Review Board at the time LeGrand was enrolled in LOC 23. Consequently, nothing in the sequence of events or the employer's actions culminating in Plaintiff's removal from the program present direct evidence[4] or could even inferentially present an issue for trial that Plaintiff was improperly removed from LOC 23.

---

[4] Plaintiff argues that Iliadis' statement to LeGrand is "direct evidence" of age-based discrimination, a contention the R&R adopts. Direct evidence of discrimination "must be 'so revealing of [discriminatory] animus that it is unnecessary to rely on the [*McDonnell Douglas - Burdine*] burden-shifting framework, under which the burden of proof remains with the plaintiff.'" *Anderson v. Wachovia Mortg. Corp.*, 621 F.3d 261, 269 (3d Cir. 2010) (quoting *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 512 (3d Cir. 1997)). "Direct evidence may take the form of a workplace policy that is discriminatory on its face, or statements by decision makers that reflect the alleged animus and bear squarely on the adverse employment decision. . . . Direct evidence does not include stray remarks that are made in a context unrelated to the employment decision, particularly if they are remote in time." *Garcia v. Newtown Tp.*, 483 Fed.Appx. 697, 704 (3d Cir. 2012). Therefore, evidence must satisfy two requirements to be considered "direct":
> First, the evidence must be strong enough to permit the factfinder to infer that a discriminatory attitude was more likely than not a motivating factor in the [defendant's]

### *c. Plaintiff's Termination*

With respect to the Magistrate Judge's consideration of evidence creating an issue of material fact as to whether Plaintiff was not permitted in enroll in LOC 24 for discriminatory reasons, Defendant correctly states that Plaintiff does not assert a freestanding claim for denial of enrollment in LOC 24 (Doc. 51). Nonetheless, Plaintiff did factually plead that "following the removal of Plaintiff from the license class, Plaintiff persistently sought reinstatement to the next license class" which Defendant refused to do. (Doc. 1, ¶¶ 26-28). These allegations may be read to support Plaintiff's unlawful termination claims, as Defendant's refusal to permit Plaintiff to enroll in LOC 24 prevented him from becoming certified, and therefore caused him to lose his job as a unit supervisor. As a result, a factual issue with respect to the employer's reasons for not allowing Plaintiff enrollment in LOC 24, which led to Plaintiff's termination, is sufficient to defeat Defendant's motion for summary judgment as to Counts III and IV.

It is undisputed that Plaintiff's "hire into the position of Unit Supervisor was made expressly contingent on his successful completion of the requirements to obtain" an SRO

---

decision. Second, the evidence must be connected to the decision being challenged by the plaintiff. Specifically, any statements made by a defendant's employees must be made at a time proximate to the challenged decision and by a person closely linked to that decision. *Wachovia*, 621 F.3d at 269 (internal citations and quotation marks omitted).

While Iliadis' statement may consist of direct evidence of age discrimination in not allowing Plaintiff to enroll in LOC 24, a right to which Plaintiff was not entitled but which nonetheless might be considered an adverse employment decision, the statement is not direct evidence of discrimination as it relates to the employment decision to remove Plaintiff from LOC 23, and consideration of the statement as such would require the Court to make a tenuous inferential connection between the comment and Plaintiff's removal from LOC 23.

license. (Def.'s Stat. of Mat. Facts, Doc. 28-1, ¶ 5). Therefore, whether Plaintiff's inability to successfully complete the requirements for an SRO license, which led to his termination, was the result of age discrimination in Defendant's refusal to allow Plaintiff to participate in LOC 24, is an issue of fact for trial. There is no question that Plaintiff was not qualified to work as a unit supervisor; he therefore cannot sustain an ADEA termination claim in the face of his lack of certification for this position. However, a factual dispute still exists as to why Plaintiff was not permitted to re-enroll in the certificate program, a denial that resulted in an adverse employment action against him.

The Third Circuit has rejected the contention that "a single remark that might reflect the declarant's recognition of an employee's age in a context unrelated to the employee's termination is sufficient evidence to support a prima facie case of age discrimination based on direct evidence at the time that the employer later terminates the employee." *Hyland v. Am. Int'l Group*, 360 Fed. App'x 365, 367-368 (3d Cir. 2010)). In the present matter, however, Iliadis is a decision-maker who participated in the assessment of, and ultimately decided, whether Plaintiff's request to enroll in LOC 24 should be granted. In addition, Iliadis' comment was not temporally remote from the decision to deny Plaintiff's request. Thus, the comment raises a material dispute as to whether Plaintiff's age was the reason he was denied enrollment in the program which ultimately led to his termination.

Even assuming Iliadis' statement is not direct evidence of discriminatory animus, and a *McDonnell Douglas* analysis should be applied, Plaintiff has established a *prima facie*

case sufficient to raise a factual issue as to whether Defendant's stated reasons for denying Plaintiff admission to LOC 24 were pre-textual. Plaintiff is within the protected age class, has presented evidence of his qualification, and threshold eligibility, for training due to his initial hiring, and suffered an adverse employment action when Defendant refused to allow Plaintiff to enroll in the training program in January 2010.

Had Plaintiff been permitted to enroll in LOC 24, it is possible he may have become certified, thereby avoiding termination. Iliadis' statement in January, 2010, if accepted as true by the trier of fact, is indicative of age discrimination in the making of his discretionary decision to not allow Plaintiff to enroll in this class. The statement is particularly suggestive in light of the events occurring in Plaintiff's personal life during the course of LOC 23, i.e. his wife's sickness and the fire at his home. While not necessarily the case, these incidents may have contributed to Plaintiff's failures in LOC 23, and not Plaintiff's intellectual, cognitive, or physical ability to succeed in an LOC program. Whether these considerations should have been, or were, taken into consideration in the Board's recommendation to not allow Plaintiff to enroll in LOC 24, and Iliadis' adoption of this recommendation, is a question of fact for the jury to consider. As a result, Iliadis' motivation for denying Plaintiff's request to enroll in LOC 24, which Iliadis' statement places at issue, is sufficient to present a triable issue of fact.

The issue at trial is thus limited to whether Plaintiff's termination resulted from a discriminatory refusal to allow him to enroll in LOC 24. Defendant argues that Plaintiff

"indisputably would have remained employed by PPLS but for his rejection [of] PPLS' offer of continued employment" (Doc. 51, at 9).[5] However, this does not conclusively negate an inference that Plaintiff was discriminated against by his employer. Rather, Defendant can present evidence at trial of other jobs and employment opportunities available to Plaintiff within the company as evidence that PPL was free from discrimination.

### d. Conclusion

Magistrate Judge Carlson's R&R is adopted only to the extent that there is a single issue of fact for trial: whether Defendant's decision not to allow Plaintiff to enroll in LOC 24 and subsequent termination were the product of age discrimination. In all other respects as to the analysis, the R&R is not adopted and we will grant summary judgment to Defendants on any and all claims arising from or included within Plaintiff's claims in Count I that he was discriminatorily removed from LOC 23. Whether Plaintiff can prove his termination was the result of a discriminatory refusal to allow him to participate or enroll in LOC 24, is a matter for trial.

### IV. Conclusion

For the foregoing reasons, the Court will adopt in part and reject in part Magistrate Judge Carlson's Report and Recommendation (Doc. 49), and grant in part and deny in part Defendant's Motion for Summary Judgment (Doc. 28). The Court will grant Defendant's

---

[5] It is undisputed that Plaintiff "applied for numerous non-licensed positions available within PPLS but received only one offer, for the position of Performance Improvement Process Lead" which he ultimately did not accept. (Doc. 28-1, ¶¶ 112, 120). However, Plaintiff contends that "other positions sought by Mr. LeGrand post-removal were specifically denied to him because he had been removed from LOC 23." (Doc. 52, at 12 n. 7).

motion on Plaintiff's claim for discriminatory removal from LOC 23 (Count I). However, the Court will deny Defendant's motion on Plaintiff's claims of unlawful termination due to the sole remaining factual issue as to whether Plaintiff's termination was the result of a discriminatory refusal to allow him to participate or enroll in LOC 24.

A separate Order follows.

_____
Robert D. Mariani
United States District Judge